FILED

05/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0516

# Toward justice for all . . .

## Proceeding before the Montana Supreme Court without an attorney



# CIVIL HANDBOOK

**The Supreme Court
of
Montana**



**Mike McGrath**
Chief Justice

Justice Building ◆ 215  North Sanders
PO Box 203001 ◆ Helena, MT 59620-3001
Phone (406) 444-5490 ◆ Fax (406) 444-3274

**June 1, 2011**

This booklet is designed to assist individuals who are unable to obtain the assistance of an attorney to navigate through the appellate process.  These materials provide the minimum amount of information you need to pursue a case in the Montana Supreme Court.

Neither this handbook nor the attached forms are intended to provide legal advice.  Nor are they a proper substitute for having an attorney advise you or represent your interests before the Court.

Appellate practice is complicated and failure to follow proper appellate procedure can result in your case being dismissed.  We recommend you consult an attorney if at all possible.

The Court understands that sometimes an attorney is not available to provide you with all of the assistance you need.  In those situations, we hope you will find this handbook useful.

Good luck with your appeal.

Mike McGrath
Chief Justice

P.S.  Pay close attention to the filing deadlines listed on page 33.  Failure to file the proper papers on time is the most common reason for an appeal to be dismissed.

# Table of Contents

STARTING AN APPEAL.................................................................................................. 3

    *What can be appealed? [Rules 4 and 6]*............................................................ 3

    *How do I file an appeal? [Rule 4]*.................................................................... 3

    *I can't afford to pay the filing fee. How do I ask the Court for permission to appeal without paying the fee? [Rule 5]* .................................................................. 4

    *When do I file a Notice of Appeal? [Rule 4]* ................................................... 4

    *How do I count the days? [Rule 3]* ................................................................. 4

    *What if I didn't file my Notice of Appeal on time? [Rule 4(6)]* ....................... 5

    *Where do I file my Notice of Appeal? [Rule 4]* .............................................. 5

    *Does filing an appeal stop the district court's judgment from being enforced? [Rules 22 and 23]* ....................................................................................................... 6

SERVING DOCUMENTS ............................................................................................ 6

    *What does "serve" mean and how do I prove I served someone? [Rules 10 and 13]* ............. 6

RECORD AND TRANSCRIPTS..................................................................................... 6

    *What happens after I file my Notice of Appeal? [Rule 8 and 9]*........................ 6

    *Do I have to pay for the transcripts I request? [Rule 8]*.................................. 7

    *What if the court reporter can't get the transcript prepared on time? [Rule 9(4)]*................. 7

    *What if there is no transcript? [Rule 8]* .......................................................... 7

    *What else should I be doing while the record and transcripts are being prepared?*.............. 7

MEDIATION [Rule 7] ............................................................................................... 8

    *What is mediation?* ....................................................................................... 8

    *What is a mediator?*....................................................................................... 8

    *What cases must be mediated? [Rule 7(2)]* ..................................................... 8

    *Do I appeal and mediate at the same time? [Rule 7(3)(b)]* .............................. 8

    *How does the mediation process begin? [Rule 7(4)]* ....................................... 8

    *Is the mediator paid? [Rule 7(4)]* ................................................................... 8

    *What happens after a mediator is chosen? [Rule 7(5)]*.................................... 8

    *What is a statement of position? [Rule 7(5)]* .................................................. 9

    *What happens after the mediator gets the statements? [Rule 7(5)]*.................. 9

    *Can things that are said or documents that are shared during mediation be used later in the appeal if the case doesn't settle?* ................................................................... 9

    *If the case does not settle, what happens next?*............................................. 10

BRIEFS .................................................................................................................. 10

*I.  If I am the Appellant, when do I file my Appellant's Brief? [Rule 13]* ............................... *10*

*What is the purpose of an Appellant's Brief?* ........................................................... *10*

*What does an Appellant's Brief look like? [Rule 11]* ................................................. *10*

*As Appellant, what must my Brief contain? [Rules 11 and 12]* ................................. *11*

*Is there any information I may not include in the briefs? [Rule 10(6)]* ................... *13*

*How do I file my brief? [Rule 13]* ............................................................................ *13*

*II.  What if I am the Appellee? [Rules 11, 12 and 13]* ................................................ *14*

*If I am the Appellant, may I respond to the Appellee's Brief? [Rules 11 and 13]* ................... *14*

*III.  What happens after the Supreme Court receives all the briefs?* ..................................... *14*

**MOTIONS** ............................................................................................................... **14**

*What is a motion?* ................................................................................................. *14*

*What kinds of motions can be filed with the Supreme Court?* ................................. *14*

*What must a motion contain? [Rule 16]* ................................................................. *14*

*What does a motion look like? [Rule 11]* ............................................................... *15*

*How do I file a motion? [Rule 10]* ......................................................................... *15*

*Do I serve my motion and all supporting documents on the other parties? [Rule 16]* .......... *15*

*What if the other party filed a motion, may I respond to it? [Rule 16]* ................... *15*

*If I filed the motion, may I reply to the other party's response? [Rule 10]* ........................ *15*

*Motion for Extension of Time* ............................................................................... *16*

*What is a Motion for Extension of Time and how do I file one? [Rule 26]* ............................ *16*

**DISMISSING AN APPEAL [Rule 16]** ......................................................................... **16**

*What if I want to dismiss my appeal?* .................................................................... *16*

*What if the other party moves to dismiss the appeal?* ........................................... *16*

**FINAL DECISION BY THE SUPREME COURT** ............................................................. **17**

*What kind of rulings does the Court issue? [Rule 19]* ............................................. *17*

*Can the Supreme Court order a losing party to pay the costs of the winning party? [Rule 19]* *17*

*What if I don't agree with the Supreme Court's decision? [Rule 20]* ..................... *18*

**GLOSSARY OF LEGAL TERMS** ................................................................................ **19**

**APPENDIX** ............................................................................................................. **28**

**INDEX** ................................................................................................................... **31**

**IMPORTANT TIMELINES** ....................................................................................... **33**

**FORMS** ................................................................................................................. **35**

# BASIC INFORMATION ABOUT THE MONTANA SUPREME COURT AND THIS HANDBOOK

The Montana Supreme Court is the highest court in Montana and is the final court of appeals. The purpose of a court of appeals is to review decisions of lower courts or administrative agencies to determine if those decisions were legally correct. Seven judges, called justices, serve on the Montana Supreme Court. When an appeal is filed with the Court, the justices review the briefs filed by the parties and then issue a ruling, called an opinion.

When the Court reviews the district court's decision, it does not hold a new trial or take new evidence. It only looks at the record on appeal. The record includes the original documents and exhibits filed with the district court, the orders issued by the district court judge, and the transcripts of any hearings or trials that have been prepared by a court reporter.

The Supreme Court has written rules regarding documents to be filed in an appeal. These rules are called the Montana Rules of Appellate Procedure (M. R. App. P.). Anyone filing an appeal, petition or motion with the Supreme Court must follow these rules.

This Handbook is for people who are representing themselves in a civil appeal, as opposed to a criminal appeal, from a district court ruling. It may not be used to appeal a case **from** justice court **to** a district court or **from** an administrative agency **to** a district court. This Handbook should not be used in any criminal case. Separate handbooks have been created for criminal proceedings, habeas corpus and extraordinary writs.

A person representing himself or herself is called a self-represented or pro se

(pronounced pro-say) litigant. You cannot represent yourself and be represented by an attorney at the same time. If you are represented by an attorney, you personally cannot file documents in your case.

A list of legal terms appears on pages 19-27 of this Handbook. This list, or Glossary, defines many of the legal terms that are used by parties and by the courts. For example, the Glossary defines the terms Appellant and Appellee. The Appellant is the person appealing the district court's decision because he or she lost in the district court. The Appellant is asking the Supreme Court to reverse or change the district court's decision. The Appellee is the person who won in the district court. The Appellee will argue that the district court got it right and the Supreme Court should affirm, meaning agree with the district court. When you don't understand a word used in the Rules, this Handbook, or your research, you should first refer to the Glossary.

All references in this Handbook to the Rules are to the Rules of Appellate Procedure, which can be found at Title 25, Chapter 21 of Montana Code Annotated. You can also access the rules through the State Law Library of Montana at http://courts.mt.gov/library/montana_laws.mcpx. Scroll down to the Montana Supreme Court Rules, Montana Rules of Appellate Procedure.

This Handbook also includes forms that you should use to file documents with the Court. You are not required to use these forms, but you may find them helpful.

Lastly, this Handbook does not provide all the details that are included in the Montana Rules of Appellate Procedure. If there is any conflict between this Handbook and the Rules, the Rules govern.

## STARTING AN APPEAL

### What can be appealed? [Rules 4 and 6]

Most appeals are from a district court's final judgment. That is the written order issued at the end of a case that settles all claims of both parties. It's also called an order or final order. It may be the verdict of a jury or a ruling made by the trial judge.

Also, people may appeal from an order that is issued after the final judgment. These are called postjudgment orders.

Often the district court makes many rulings before the case is over. These rulings are called prejudgment rulings. Most prejudgment orders are not appealable at the time they are issued but some are. Review Rule 6 if in doubt.

### How do I file an appeal? [Rule 4]

Once the ruling you are appealing has been issued, you must do the following five things:

1. Complete a Notice of Appeal. Form 4(2) is included in this Handbook. (Form numbers match the applicable Rule.)

2. Complete a request for transcripts. Form 8(3) is included in this Handbook.

**IMPORTANT: The following steps 3 – 5 must be done on the same day.**

3. File the **original** Notice of Appeal and a **copy** of the request for transcripts with the Clerk of Supreme Court. Address of Clerk's office can be found on page 5.

4. Pay a $100 filing fee to the Clerk of the Supreme Court at the time you file your Notice of Appeal.

   a. If you cannot afford to pay the filing fee, you may ask the Court for permission to appeal without paying the fee. (The following section explains how to do this.)

   b. If you file the Notice of Appeal by fax, you must either pay the filing fee or file a motion to proceed without paying the filing fee (the following section explains more about this) with the Clerk of the Supreme Court within 5 business days. Otherwise, the Clerk of the Supreme Court will not file your appeal.

**IMPORTANT: If you do not pay the filing fee or file the motion to proceed without paying the filing fee, the Clerk of the Supreme Court will not file your appeal.**

5. Serve a **copy** of the Notice of Appeal, Form 4(2), and the **original** transcript request, Form 8(3), on the clerk of the district court. Also serve a copy of each on: (1) the other parties in the case, or their attorneys, and (2) the court reporter. For more information, see **SERVING DOCUMENTS** and **RECORD AND TRANSCRIPTS** on page 6.

6. Some cases require mediation. See pages 8-10 for more information. Also now is the time to decide if you're going to ask for a stay of execution of your judgment. See page 6 for more information.

**IMPORTANT: Be sure to keep a copy of the Notice of Appeal and all other documents that you file during your appeal for your own records.**

### I can't afford to pay the filing fee. How do I ask the Court for permission to appeal without paying the fee? [Rule 5]

If you cannot afford to pay the $100 filing fee when you file your Notice of Appeal, you may file a "motion" asking the Court to allow you to appeal your case without paying the fee. Form 5(a) is included in this Handbook.

Form 5(a) is a combined Motion and Affidavit in Support of Motion to Proceed on Appeal without Paying the Filing Fee. Use this form to explain your financial circumstances to the Court and prove that you cannot afford to pay the fee. You must swear that everything in the motion is true and you must sign the motion in front of a notary public. (A notary public is a special official who is allowed to witness a signature and testify that it is authentic. Banks, insurance companies and State and federal government offices usually have a notary public who can notarize the form for you.)

File your notarized Form 5(a) with the Clerk of the Supreme Court at the same time you file your Notice of Appeal. If you are an inmate filing a civil appeal, file Form 5(a)I which does not need to be notarized. Unlike most other motions (discussed later in this Handbook), you need to file your original motion but you do not need to file copies of your motion, supporting documents, a proposed order or envelopes.

If the Court grants your motion, you will receive an order telling you that you may

proceed without paying the filing fee. However, you must pay all other costs, such as the costs of transcripts.

If the Court denies your motion, you will receive an order telling you that you must pay the fee by a certain date. If you do not pay the fee by the date stated in the order, the Clerk of the Supreme Court will not file your appeal.

### When do I file a Notice of Appeal? [Rule 4]

The answer to this question depends on who the other party to the case is and what kind of case it is.

In most cases, you have 30 calendar days to file your Notice of Appeal after the ruling you are appealing was filed in the district court. However, if any government or government agency or employee is a party, including the United States, the State of Montana, a city or a county and any governmental officer or agency, you must file your Notice of Appeal within 60 calendar days. If your appeal involves a "youth in need of care," and the government is the other party, you must file your Notice of Appeal within 30 calendar days. For information on counting the 30 or 60 days, see the following section.

### How do I count the days? [Rule 3]

It is very important that you file all required documents, not just the Notice of Appeal, with the Clerk of the Supreme Court on time. If you do not file a required document on time, the Clerk of the Supreme Court can refuse to file the document and the Court may deny or dismiss your appeal.

Because filing even one day late can cause you to lose your right to appeal, you must

know how to count the days. The following example may help:

If you want to appeal a judgment or order that was filed in the district court record on March 1 and you are allowed 30 days to file your appeal, begin counting the days on March 2. March 31 would then be the 30th day and the day on which the Notice of Appeal must be filed.

This same counting method is used for all deadlines for all documents. Just remember, do not count the day that your appealable judgment or order was filed. Also, don't count the day the brief or document you are responding to was filed.

If the day your document is due falls on a weekend or a legal holiday, you must file your document on the next business day. For example, if your filing date falls on Thanksgiving, you must file by close of business on the Friday after Thanksgiving. All filings must be made between 8 a.m. and 5 p.m. If you are going to mail your document to the Clerk, allow enough time for the mail to deliver it. The Clerk of the Supreme Court must receive the document by 5 p.m. on the day it is due.

If you think you're running out of time and might not be able to file your document on time, you may file a Motion for Extension of Time. To learn how to do this, see the **Motion for Extension of Time** section of this Handbook on page 16.

### What if I didn't file my Notice of Appeal on time? [Rule 4(6)]

If you did not file your Notice of Appeal on time, the Court will probably not consider your appeal, but you may ask the Court to let you file a late appeal.

To ask the Court's permission, file a document called a "Petition for An Out-of-Time Appeal," also called a "Petition for Late Appeal." Form 4(6) of this Handbook is a sample Petition to help you. In the petition explain why you did not file your appeal on time and why you should be allowed to file a late appeal. Explain how you will be harmed if the Court doesn't let you file your appeal.

The Court does not usually allow late appeals. And it will not let you file a late appeal if you simply forgot to file on time, you were unsure whether you needed to file a Notice, or you didn't know how to file an appeal.

Attach any records, partial transcripts and other evidence that proves that what you say in your petition is true. You must also swear, in an affidavit, that what you say in the petition is true.

File your original petition and 7 copies with the Clerk of the Supreme Court. Also serve a copy of your petition on the other parties.

A petition under this rule is the only way to ask the Court for permission to file a late appeal.

### Where do I file my Notice of Appeal? [Rule 4]

You file your Notice of Appeal with the office of the Clerk of the Supreme Court at the following address:

> Clerk of the Supreme Court
> Room 323, Justice Building
> 215 N. Sanders
> P.O. Box 203003
> Helena, Montana 59620-3003

Phone: 406-444-3858
FAX: 406-444-5705
Hours: Monday - Friday 8 a.m. to 5 p.m.

### Does filing an appeal stop the district court's judgment from being enforced? [Rules 22 and 23]

No.  To stop the judgment against you from being enforced while you appeal, you must file one of the following with the district court:

- a motion for a stay of execution of the judgment or order during appeal;
- a bond for enough money to cover the amount of the judgment, interest and costs, or
- a motion for injunctive relief.

The order of the district court granting or denying a stay of execution of judgment must be filed promptly with the Clerk of the Supreme Court.

If the district court grants you a stay of execution, the Court may require you to file a bond for enough money to cover the judgment, interest and costs on appeal.  A mere promise to pay if you lose the appeal is not enough. The rule for bonds is very technical. If you want to use this method to stay your judgment, read Rule 24 carefully and make sure you file all necessary documents on time. If you can't afford a bond, you can file a motion asking the Court to allow you to appeal without a bond.

### SERVING DOCUMENTS

### What does "serve" mean and how do I prove I served someone? [Rules 10 and 13]

"Serving" a document means to give a copy of it, and any attachments to it, to the other parties.  You may either mail or hand-deliver the document.  But you must do it on the same day you file or send the document to the Clerk of the Supreme Court.

To prove that you served a document, attach a "Certificate of Service" to the document you're filing.  This certificate also may be called a Proof of Service, Proof of Mailing, or Certificate of Mailing.   A Certificate of Service is included in each form provided in this Handbook.   Form 10(4) is an example of a Certificate of Service.  The certificate lists the names and addresses of the people served.  If you are serving a party who has an attorney, you must serve the attorney, NOT the party.  The Certificate of Service also states whether you mailed the document or hand-delivered it and the date you mailed or delivered it.

You will use this Certificate of Service on every document you file during your appeal. If you make a master copy of it, you will save yourself time and you will know that the right people were served at the correct addresses.

For the Notice of Appeal, remember you must also serve the clerk of the district court and the court reporter.

### RECORD AND TRANSCRIPTS

### What happens after I file my Notice of Appeal? [Rule 8 and 9]

Several things happen after you file your Notice of Appeal.   First, the clerk of the district court begins preparing your trial record.  This record is made up of all the original documents and exhibits filed in your case with the district court. In other words, all documents from the complaint

through the final judgment, plus any postjudgment rulings. The clerk of the district court also keeps a list of all the documents and the date they are filed. This list is called a docket, or case register. On the docket sheet, each document is given a number.

While the clerk of the district court is preparing the trial record, the court reporter is preparing the transcript you requested. (See subparagraph 5 of **How do I file an appeal?**) When the transcript is ready, the court reporter may send it to the clerk of the district court or send it directly to the Supreme Court.

The trial record, the docket, and the transcript make up the record on appeal. The record on appeal must be sent to the Supreme Court within 40 calendar days of the day you filed your Notice of Appeal. The clerk of the district court usually sends the record automatically, but you should check to make sure. Under the rules, the Appellant is responsible for making sure the Supreme Court gets the record and any transcripts. The Appellant is required to pay the district court's transfer fee. The Appellant is not required to pay the costs of mailing the record to the Supreme Court but is required to pay the mailing costs when the record is returned to the district court at the end of the appeal. *[Rule 9]*

### *Do I have to pay for the transcripts I request? [Rule 8]*

Yes, you must either pay for the transcript at the time you order it or make payment arrangements with the court reporter. Transcripts can be expensive and generally cost about $1,000 for a full day of trial. The Supreme Court will not order a court reporter to give you a transcript if you cannot afford to pay for it.

If you cannot afford the whole transcript, you may be able to work with the court reporter to get a partial transcript. If you can't get a partial transcript, you may go forward with your appeal, but know that without the transcript you may not be able to show that the trial court made a mistake.

### *What if the court reporter can't get the transcript prepared on time? [Rule 9(4)]*

At times, the court reporter may be so busy that he or she cannot get your transcript prepared and sent to the Court within 40 calendar days. If this happens, the court reporter will ask the district court for an extension of time. The district court will probably give the court reporter an additional 50 days to complete your transcript. If the transcript is still not ready when the extension expires, you must file a Motion for Extension of Time to Transmit the Record with the Clerk of the Supreme Court. The court reporter must prepare an affidavit explaining why the transcript is late and when it will be ready. You must attach this affidavit to your motion. See the **MOTIONS** section of this Handbook on page 14 for information on filing motions with the Supreme Court.

### *What if there is no transcript? [Rule 8]*

Sometimes there is no transcript available. For example, if the judge decides the case based upon documents filed with the district court, rather than at a hearing or a trial, there may not be a transcript. If this happens, review Rules 8(7) and 8(8) to see if you should use another method to get your statement of the evidence before the Court.

### *What else should I be doing while the record and transcripts are being prepared?*

You must decide whether:

7

- your case involves a constitutional question that requires a special notice (see Rule 27),
- your case requires mediation, or
- you want to ask the district court to stay execution of your judgment.

## MEDIATION [Rule 7]

The Rules <u>require</u> that parties to certain types of cases go through mediation as part of the appeals process. The goal of mediation is to see if the parties can resolve their differences before the Court actually considers the issues on appeal.

### *What is mediation?*

Mediation is a process where the parties meet in person or by telephone with a "mediator" and try to settle their case.

**IMPORTANT: Mediation takes place at the same time you are appealing your case.**

### *What is a mediator?*

A mediator is someone who is trained to help people who are having a legal dispute find an agreeable solution. A mediator is a neutral third party who does not represent either side. He or she will conduct the meeting with the parties and try to help them settle the case.

### *What cases must be mediated? [Rule 7(2)]*

The types of cases that must go through mediation are:
- workers' compensation cases;
- cases where one of the parties asked for money damages or money damages were awarded by the district court to one of the parties;
- cases involving certain family issues, such as divorce and child custody. Child abuse and neglect cases, paternity disputes, and adoptions do not require mediation.

### *Do I appeal and mediate at the same time? [Rule 7(3)(b)]*

Yes. You must file your Notice of Appeal, request transcripts, and meet all briefing deadlines in your appeal while you go through mediation. Then, if you don't settle your case in mediation, the Court has everything it needs to decide your appeal.

Know that your Opening Brief with the Clerk of the Supreme Court may be due before mediation is complete.

### *How does the mediation process begin? [Rule 7(4)]*

If your case must be mediated, you and the other party must choose a mediator within 15 calendar days after the Notice of Appeal is filed. The Clerk of the Supreme Court can give you the names of mediators that may be able to help you.

If you and the other party agree upon a mediator, you must notify the Clerk of the Supreme Court, in writing with signatures from all parties.

If you and the other party cannot or do not agree on a mediator within the time allowed, the Clerk of the Supreme Court will appoint one.

### *Is the mediator paid? [Rule 7(4)]*

In most cases, the parties must share the cost of the mediator. But in money damages cases where less than $5,000 was awarded to a party, the mediator does not get paid.

### *What happens after a mediator is chosen? [Rule 7(5)]*

Within 15 calendar days after the mediator is selected, you must write a statement of position and give it to the mediator and the other party. The other party will respond

to your statement of position within 7 calendar days.

### What is a statement of position? [Rule 7(5)]

A statement of position tells the mediator what issues you will be asking the Supreme Court to rule on and why you think the Court should rule in your favor. Your statement must "cite legal authority." This means that you must find cases or statutes that support your argument and include these citations in your statement. Refer to "Citation to Authority" in the Glossary for an example of how to cite a case and a statute.

The other party's response should contain his or her argument why the Court should rule in his or her favor.

The statement of position cannot be longer than 10 typewritten pages and must be double spaced.

At the same time you give your statement of position to the mediator and the other party, you may also give the mediator a separate Confidential Statement. If you choose to give a Confidential Statement, it cannot be longer than 5 double-spaced pages. The Confidential Statement would include any additional information that you think could help settle the case. You do not have to serve the Confidential Statement on the other party and the mediator will not share this information with the other party.

### What happens after the mediator gets the statements? [Rule 7(5)]

After the mediator receives both statements of position, the mediator arranges for everyone to meet. If the mediator decides it's too hard to get everyone together in person, he or she may allow a telephone meeting.

The mediator will choose how to conduct the meeting and will explain the process to the parties. The mediator will ask questions to see if there is anything in the case the parties agree upon. <u>The mediator is trying to find common ground that may let the parties settle the case without the expense, time, and stress of preparing briefs and getting an opinion from the Supreme Court</u>. The mediator is also trying to make sure the Court doesn't waste time on issues not in dispute. Mediation may last one full day or more.

After the mediation meeting, the mediator files a report with the Clerk of the Supreme Court telling the Court whether the case settled or not. The mediator gives the parties a copy of this report. If the case settled, the Court will dismiss the appeal 30 calendar days after settlement unless one of the parties files a motion to keep the case open.

Mediation must be completed within 75 calendar days after the Notice of Appeal is filed. The Court is not involved in the mediation process.

### Can things that are said or documents that are shared during mediation be used later in the appeal if the case doesn't settle?

No. Everything that is said or shared during mediation is confidential. If the parties continue with their appeal, they may not refer to any statements or documents given to the mediator, unless the statements or documents are part of the record on appeal.

### If the case does not settle, what happens next?

Your appeal goes forward. While mediation was taking place, you probably received a notice from the Clerk of the Supreme Court telling you that the Clerk had received the district court record. That notice told you that you had to file your opening brief within 30 calendar days after the Clerk received the record. You must file your brief by the date it is due even if mediation is still taking place.

You may file a motion for extension of time to file an opening brief on appeal. The Court will give you a 30 day extension if your case is in mediation. For more information, see the section below on page 16 called *Motion for Extension of Time*.

### BRIEFS

### I. If I am the Appellant, when do I file my Appellant's Brief? [Rule 13]

The Clerk of the Supreme Court will send a "Notice of Filing" to all the parties when it receives the district court record. This notice will state that the Appellant's brief is due 30 calendar days from the date the record was filed. The Notice will **not** tell you the actual date your brief is due. You must figure that out yourself. Use the *How do I count the days?* section on page 4 of this Handbook.

If you cannot file your brief within 30 days of the date the Notice was filed, you may ask the Court for more time by filing a Motion for Extension of Time. Form 26 is a sample Motion for Extension of Time. Also, the **MOTIONS** section of this Handbook on page 14 will give you more information on filing a motion with the Supreme Court.

**IMPORTANT: If you do not file your brief or motion asking for more time within 30 calendar days, the Supreme Court may dismiss the appeal, without any further notice to you.**

### What is the purpose of an Appellant's Brief?

Your brief is your chance to tell the Supreme Court why you think the district court's decision is wrong. You need to tell the Court what mistake or mistakes the district court made. You should be respectful to the opposing party, the district court and the Supreme Court. The focus of the brief should be on the law and the facts. You need to explain how the law applies to the facts of your case. You must not lie or misrepresent the facts. You may not include new facts that were not presented to the district court.

The Supreme Court will not do legal research for you or try to guess what your argument is. Also, you need to know that a district court's decision is presumed to be correct. You have the burden of showing that the district court was wrong. If the Court can't figure out what you are arguing in your brief, you will lose.

### What does an Appellant's Brief look like? [Rule 11]

The Rules describe how a brief must look and what it must contain. A Brief Checklist, Form 11, is included to help you with the information in the next two sections of this Handbook. You may use it to make sure you completed all of the necessary steps.

All briefs must be on white paper that is 8.5 inches by 11 inches. Every page must be numbered and have 1 inch margins all

around. The text of the brief must be double-spaced. Your brief may not be more than 30 typewritten pages or 10,000 words. If you prepare your brief on a computer, use 14 point Times New Roman font. The word and page limits do NOT include the table of contents, table of authorities, certificate of service, certificate of compliance, or any appendix or attachments.

Use a light blue cover page on your opening brief. (Dark or bright blue is discouraged because it's hard to read and may not recycle.) Do **not** use clear plastic cover sheets over your cover page. Form 11(6)(b) is an example of a cover page. Review it so you will know what information you must include on your cover page.

Bind your brief on the left side. Spiral binding is preferred but if that is not available, you may simply staple the brief together in the upper left corner.

If the Court determines that you didn't sufficiently comply with these Rules, your brief may be returned to you. If it is returned to you, the Court will bill you for the costs of postage. The Court will attach an order telling you what you did wrong. The order will also tell you how long you have to correct your brief and re-file it. If you don't correct it and re-file it in time, the Court will probably dismiss your appeal.

If your argument is so confusing or poorly developed that the Court is left to guess what your argument is and what law might support it, the Court will probably dismiss your appeal.

Briefs filed with the Montana Supreme Court, as well as decisions by the Court, are available on the Court's website, www.courts.mt.gov. You can search these documents online by using words or legal terms. For example, if you want to find briefs or decisions about easement or right-of-way disputes, type in easement or right-of-way. Reviewing briefs in other cases may help you draft your brief. Also researching and reviewing decisions by the Supreme Court, whether these decisions are on the Court's website or on a legal internet database, is a necessary part of writing your brief and identifying legal authority. The State Law Library can provide you with copies of briefs, decisions, court rules, statutes, and cases you have found during your research. But the Library **WILL NOT** do your research for you. The Library can be reached at 1-800-710-9827 or 1-406-444-3636. You may also contact the library by sending an e-mail to mtlawlibrary@mt.gov.

### As Appellant, what must my Brief contain? [Rules 11 and 12]

The first page of your brief is a copy of your brief's cover sheet only on white paper. The second page of your brief is a Table of Contents that lists the following; together with the page number upon which each section starts:

- Table of Authorities
- Statement of the Issues
- Statement of the Case
- Statement of the Facts
- Summary of Argument
- Standard of Review
- Argument
- Conclusion
- Certificate of Service
- Certificate of Compliance
- Attachments

A **Table of Authorities** lists the cases you refer to in your brief in alphabetical order.

It then lists the statutes or rules that you refer to. It also shows which page the cases and statutes are referenced in your brief. Form 12(1)(a) is a sample Table of Authorities.

Usually the issues in the **Statement of the Issues** are questions that tell the Court what mistake the district court made. For example: Did the district court err in granting Appellee John Smith's motion for summary judgment?

The **Statement of the Case** is usually a paragraph or two telling the Court what type of case it is and what the district court decided. For example, the type of case could be a child support case. Or it could be breach of contract or a disagreement over property rights.

In your **Statement of Facts**, you may not rely upon any facts that the district court did not have before it. The Supreme Court will decide your case based on the evidence in the record on appeal. Therefore, each time you list a fact in your case, you must tell the Court where that fact can be found in the transcript or district court record. For example, if you want to use a fact that you gave the district court during trial, you would find that fact in the record or trial transcript. You would then tell the Supreme Court in your Statement of Facts what page it is on. If it was on page 57 of the transcript, it would look like this: Tr. 57.

If the fact you wish to tell the Supreme Court is in a document you filed in your case, you would tell the Court the name of the document and the docket, or case register, number the district court gave that document. The document number usually appears in the bottom right corner of the

first page of each document. For example, the complaint is usually the first document on the docket. You would cite to it as follows: Complaint, District Court Doc. 1, page 3. Identifying the page number where the information can be found is helpful.

Again, do not refer to facts or documents that are not in the district court record. The Supreme Court will not consider testimony, documents, exhibits or records that the district court did not see or hear. The purpose of your appeal is to show that the district court made a mistake. If you did not ask the district court to consider a fact or an issue, you may not ask the Supreme Court to rule on it.

If you or your trial counsel failed to include an important fact, or evidence in the record, you have no right to appeal based on that fact or evidence because it was your mistake, not the district court's. However, if the district court refused to admit and consider evidence you offered, you may include the court's refusal as an issue in your appeal.

In your **Summary of Argument**, give a very short version of each argument you will make in the Argument section.

Before you present any arguments, you must tell the Court how it should review the district court's decision. How the Supreme Court reviews a district court's judgment is called the **Standard of Review**. The Court has several different standards it uses. For example, the Supreme Court reviews whether the district court wrongly admitted evidence for an abuse of discretion. It reviews whether the district court got the facts wrong for clear error. And it reviews

the district court's legal conclusions for correctness.

You must tell the Supreme Court the proper standard of review for each issue you raise. Give the name of at least one case that shows you have identified the correct standard. This is called "citing legal authority."

Only cite **published** Montana Supreme Court Opinions. If the first paragraph of an opinion states that it "shall not be cited as precedent," it is a **non-published** opinion and you may not cite it. Examples of case citations are:

*In re Marriage of Maxwell*, 248 Mont. 189, 810 P.2d 311 (1991).

*State v. Abe*, 1998 MT 206, 290 Mont. 393, 965 P.2d 882.

The **Argument** section of your brief is where you explain why the district court wrongly decided each of the issues you raise. Make your argument as understandable as possible. You must recite the facts and law that support each argument. Refer to Montana case law, statutes, rules, or sections of the Montana constitution that support your argument.

Your **Conclusion** should tell the Court what you are asking it to do. For example: The Court should reverse the judgment of the district court and remand the case to the district court for a trial on the merits.

The **Certificate of Service** is discussed in the **SERVING DOCUMENTS** section on page 6. Form 10(4) is an example of a Certificate of Service.

The **Certificate of Compliance** may be on the same page as the Certificate of Service or on a separate page. It states that your brief is not too long and complies with Rule 11. As required in the Rules, your opening brief may not be longer than 30 typewritten pages or 10,000 words. The Certificate of Compliance tells the Court how many pages or how many words your brief has. Form 11(4)(e) is an example of a Certificate of Compliance.

The only **Attachment** you <u>must</u> include is a copy of the district court's final order or judgment you are appealing. But you may attach other documents from the record that you believe support your argument. If you are attaching only the judgment, you may bind it with your brief. If you are attaching the judgment and several other documents, put them in a separate binding named Appendix. Put a white cover page on it and include a table of contents listing each attached document. Separate each document with a tabbed page using only paper, not plastic-coated, tabs.

### Is there any information I may not include in the briefs? [Rule 10(6)]

Yes. Carefully review Rule 10(6) and use initials instead of full names of parties and their children if you appeal involves proceeding under any of these titles and chapters.

### How do I file my brief? [Rule 13]

Hand-deliver or mail your original brief and 9 copies to the office of the Clerk of the Supreme Court at the address on page 5 of this Handbook. Before you file it, be sure to review the Brief Checklist, Form 11, to make sure you have complied with all the rules. You **may NOT** fax your brief to the Clerk for filing.

On the same day you mail or hand-deliver your brief to the Clerk's office, serve your brief on the other parties. See the section above called *What does "serve" mean and how do I prove I served someone?*

## II. *What if I am the Appellee? [Rules 11, 12 and 13]*

If you are the Appellee in a case, after receiving a copy of Appellant's opening brief, you will have 30 calendar days from the date on the Certificate of Service in the Appellant's brief to file your answer. Your brief is called Appellee's Response Brief. You may file a Motion for Extension of Time if you can't file the brief on time.

Unlike the Appellant, you may file only one brief on appeal—your Appellee's Response Brief.

The Appellee's brief must have a salmon-colored cover. Other than the color of the cover page, all the requirements for the Appellant's brief apply to the Appellee as well.

## *If I am the Appellant, may I respond to the Appellee's Brief? [Rules 11 and 13]*

Yes, you may file a reply brief, but you are not required to do so. You must file it and 9 copies within 14 calendar days of the Certificate of Service date in Appellee's response brief. In your reply brief, you may ONLY address arguments raised in the Appellee's brief. You may not raise any new arguments or rehash issues that were raised in your opening brief. Your reply brief may not be longer than 14 typewritten pages or contain more than 5,000 words. The cover page must be gray.

## III. *What happens after the Supreme Court receives all the briefs?*

When all the briefs have been filed with the Clerk of the Supreme Court, the Clerk will deliver them to the Supreme Court justices. The Chief Justice will then assign the case to a panel of five justices or to the entire Court. This process is called classification. After the Court decides how the case will be classified, it will issue an Order letting the parties know the Court is reviewing the case. The Court may issue its Opinion within days or months of receiving the briefs, depending on the complexity of the case.

## MOTIONS

### *What is a motion?*

This Handbook has stated several times that parties to an appeal may file a motion with the Court. A motion is a written document a party files with the Court asking the Court to do something or to permit the parties to do something.

### *What kinds of motions can be filed with the Supreme Court?*

Motions typically filed during a civil appeal are:
- Motion to Proceed without Paying the Filing Fee
- Motion for Extension of Time

### *What must a motion contain? [Rule 16]*

If you file a motion with the Court, you must clearly tell the Court what you want, and why you need it.

You must also tell the Court in your motion whether any of the other parties object to your motion. This means you must ask each opposing party if he or she objects to it. If the party has an attorney, ask the attorney. If you do not tell the Court whether another party objects, the Clerk will not file your motion. (If you or the other party is an

inmate, neither party is required to contact the other or to tell the Court that the other party was contacted.)

If you have any documents that support your motion, you may attach them to your motion.

### What does a motion look like? [Rule 11]
The following rules that apply to briefs also apply to most motions, including motions for extension of time discussed below:
- 8.5 x 11 inch white paper
- 1 inch margins
- Double spaced
- Each page numbered
- 14 point Times New Roman font if computer generated
- Sign the original motion
- Attach Certificate of Service
- Attach Certificate of Compliance
- Staple in the top left corner
- Serve all the parties

The following rules apply just to motions:
- 5 typewritten pages or no more than 1,250 words
- No cover sheet

### How do I file a motion? [Rule 10]
If the other party does not object to your motion, file your original motion, with any supporting documents you may have, with the Clerk of the Supreme Court. You do not need to include extra copies of the motion, but you should include a proposed order that you would like the Court to sign. There are examples of several motions in the Forms section of this Handbook. At the time you file your motion, give the Clerk envelopes that are addressed to yourself and to each party, or his or her attorney. Make sure to put stamps on the envelopes.

The Court will use these envelopes to send its Order to you and the other parties.

If the other party objects to your motion, file your original motion stating that there is an objection, attach any supporting documents and 7 extra copies of the motion and the supporting attachments with the Clerk. You do not need to attach a proposed order or addressed envelopes. Just because the other party objects, this does not mean that the Court will deny your motion. The Court will rule on your motion, prepare an order, and send it to you and the other parties.

If you are filing a Motion for Extension of Time, see the section below for more information.

### Do I serve my motion and all supporting documents on the other parties? [Rule 16]
Yes.

### What if the other party filed a motion, may I respond to it? [Rule 16]
Yes. If you oppose the other party's motion, you may file an objection asking the Court to deny the motion. Form 16(2) is a sample Response and Objection to Motion. Your objection to the motion must be filed within 11 calendar days of the day the motion was filed. Your response to the motion must meet the requirements of Rule 11 listed above in the section *What does a motion look like?*.

### If I filed the motion, may I reply to the other party's response? [Rule 10]
No.

## Motion for Extension of Time

### What is a Motion for Extension of Time and how do I file one? [Rule 26]

If you have a good reason for not completing a task during the time allowed, you may ask the Court for more time. You do this by filing a Motion for Extension of Time. You may ask for extra time to file your opening brief, a response, or to comply with a deadline or order from the Court.

In your motion, tell the Court:
- what task you need more time to complete,
- when the task was due,
- how much more time you need,
- why you should be allowed to complete the task late, and
- whether or not the other party objects to the Court granting you extra time.

Also, be sure to:
- sign and date your motion,
- attach a Certificate of Service,
- attach a proposed order with enough copies of the order to be sent to you and the other party (or his or her attorney),
- provide addressed and stamped envelopes for each party (or his or her attorney) and yourself, and
- serve your motion with all supporting documents on the other parties.

Form 26 is a sample Motion for Extension of Time.

File this motion at least 7 calendar days before the task is due.

If the other party does not object to the Court giving you extra time, the Clerk will grant your motion and give you 30 more days to complete the task. Thirty calendar days is usually the most the Clerk or the Court will grant in extensions.

Just because the other party objects does not mean that the Court will not grant your motion for extension of time.

If you ask for a second extension, you must have a very good reason. You also have to attach a notarized affidavit to your motion explaining in detail the reasons why you need more time than the Court gave you in your first extension. A statement that you were busy, or had other business that kept you from filing the brief on time will not be good enough to persuade the Court to grant your motion.

After you file the motion for more time, the other party may file an objection to the extension of time, or move to dismiss the appeal because you did not follow the Court Rules, or both.

### DISMISSING AN APPEAL [Rule 16]

### What if I want to dismiss my appeal?

At any time during the appeal before the Court has issued its Opinion, you may dismiss your appeal. To do this, you must file a motion to voluntarily dismiss. Form 16(4) is included in this Handbook. Also review the *How do I file a Motion*? section of this Handbook on page 15. That section will give the information you need about filing your motion.

### What if the other party moves to dismiss the appeal?

You may file an objection asking the Court to deny the motion. If you agree to dismiss

the appeal, you should notify the Court that you agree.

## FINAL DECISION BY THE SUPREME COURT

### *What kind of rulings does the Court issue? [Rule 19]*

After the Court decides a case on appeal, it issues its ruling, called an Opinion. The Court's Opinion may be one of the following:

- The Court may uphold, or "affirm," the district court's decision. This means that the Supreme Court agreed with the district court's decision.
- The Court may "reverse" the district court's decision. Sometimes after a reversal, the Court may "remand," meaning it will send the case back to the district court, for another hearing or entry of a judgment in your favor.
- The Court may reverse some of what the district court decided and affirm some of it.
- The Court may dismiss the appeal. There are two types of dismissals: with prejudice and without prejudice. Dismissal with prejudice means the case is over. The parties cannot litigate the issues again either in the district court or the Supreme Court. An appeal that is dismissed without prejudice can be re-filed later. This usually occurs when the appeal was filed too soon, for example, before a final order was issued.
  - Dismissal can occur for other reasons too. For example, the appeal did not meet the requirements of Rule 6; the

parties settled the appeal by agreement; or the appellant decided to dismiss the appeal after it was filed. The Court can also dismiss an appeal for failure to follow the rules of the Court.

### *Can the Supreme Court order a losing party to pay the costs of the winning party? [Rule 19]*

Three types of money issues may arise in an appeal—costs of the appeal, interest on judgments, and sanctions.

A winning party may ask the Supreme Court to make the losing party repay it for the money spent on the appeal. Typical costs include:

- copying briefs and documents
- mailing or sending the record
- transcripts, if necessary to decide the appeal
- the appellate filing fee, if it was paid

Attorney's fees are NOT costs. Montana follows the general rule that each party pays its own attorney. A self-represented litigant is not an attorney licensed to practice law and is not entitled to claim attorney's fees. However, if your appeal is determined to be frivolous, you may be ordered to pay the other party's attorney fees.

If you are appealing a money judgment, and you lose in the Supreme Court, you must pay interest on the judgment from the time the judgment was made final in the district court. Under Montana law, interest is 10% annually.

It is possible that the Supreme Court may award sanctions against a party. A sanction

is a punishment for failing to do something the Court told you to do or for filing a frivolous or mean-spirited appeal, petition or motion.  This is not a common thing for the Court to do, but you should know the Court has the power to do it.

If the Court awards costs, fees, or sanctions, the district court will determine the amount.

### *What if I don't agree with the Supreme Court's decision? [Rule 20]*
Rule 20 allows a party to ask the Supreme Court to reconsider its ruling only if the Court made one of the errors listed in Rule 20.

Generally, a Supreme Court ruling is the final decision in a case.

As noted above, the Clerk of the Supreme Court will return the district court record to the clerk of the district court at the end of the appeal.  The Clerk of the Supreme Court will charge the Appellant for the mailing costs of returning the record.

## GLOSSARY OF LEGAL TERMS

**Administrative Agency:** A public agency usually associated with the State or Federal government. For example, the Montana Department of Labor is an administrative agency.

**Affidavit:** A voluntary written statement that the writer swears contains only the truth. It must be signed in front of a notary public.

**Affirm:** To confirm or agree with the decision or action taken by the district court.

**Anders Brief:** A brief filed by a court-appointed criminal defense attorney who wants to withdraw from the case on appeal because the attorney believes the appeal is frivolous.

**Appeal:** A review of a case requested by one of the parties to the Montana Supreme Court. In the appeal, the Montana Supreme Court will review what happened before the district court to determine if errors occurred that were significant enough to require some form of relief to the party that filed the appeal.

**Appellant:** The party appealing a decision. This is the party who lost in the district court and wants the Supreme Court to reverse or modify the judgment of the district court. The Appellant has the burden of proving that a significant error or mistake occurred in district court.

**Appellee:** The party who won in the district court. This party usually wants the Supreme Court to agree with the decision of the district court.

**Attorney:** A person who has been trained and licensed to represent others in legal matters. Also known as a lawyer or counsel.

**Bench Trial:** A trial without a jury in which the trial judge makes the final decision in the case. As an appellate court, the Montana Supreme Court does not conduct trials. District courts conduct trials.

**Bond:** An appeal bond is a written promise to pay the cost of the appeal and the judgment you are appealing if you lose your appeal.

**Burden of Proof:** The duty to prove a disputed claim or charge. It includes burden to produce information and the burden to persuade. For example, if you file an appeal in the Montana Supreme Court, you have the burden of proof. As another example, if you are a prisoner filing a petition for a writ of habeas in the Montana Supreme Court, you have the burden of proof.

**Brief:** A written presentation of arguments. The Appellant argues how the district court made legal mistakes in its decision. The Appellee argues that the district court was correct.

**Caption:** The part of a legal document that includes the name of the court where the proceeding is taking place, the cause number, and names of the parties and their respective designations, e.g., appellant, appellee, petitioner or respondent.

**Certificate of Service:** A written statement truthfully explaining how and when you provided a document to other parties. The rules require that you send a copy of any document including the brief that you file with the Court to each opposing party, or the party's attorney. Sometimes this is called Proof of Service, Proof of Mailing, or Certificate of Mailing. These terms mean the same thing. You need to sign the Certificate of Service and date it on the day you hand delivered the document or put it in the mail.

**Citation:** A legal citation contains words, abbreviations and numbers in a format that allows a reader to locate the material in a library, law library, the internet, etc. For example, the following is a citation to a case: *In re Marriage of Pfeifer*, 2000 MT 100, 299 Mont. 268, 999 P.2d 340. A statute citation would be Section 20-25-1301, MCA.

**Citation to Legal Authority or Cite to Legal Authority:** A reference to specific legal authority such as cases that have been already decided by a court, or laws of the state or the state or U.S. Constitution that supports the argument a party is making.

**Citing:** See "Citation to legal authority" above.

**Civil Case:** A non-criminal lawsuit brought by a Plaintiff who believes the other party, the Defendant, has committed a wrong against him, such as breach of contract the parties had entered or damage to a Plaintiff's property. An appeal of a civil case is a civil appeal.

**Clerk of District Court:** The district court official who keeps court records and official files. The clerk of district court also administers oaths to jurors and witnesses. When an appeal is filed, the Appellant is responsible for promptly contacting the clerk of district court to request the clerk to send the district court file to the Clerk of Supreme Court.

**Clerk of Supreme Court:** The Supreme Court official who keeps court records and official files. When an appeal is filed, the Appellant's and Appellee's briefs are filed with the Clerk of Supreme Court. The Clerk of Supreme Court receives and keeps the district court file until the appeal is over.

**Complaint:** A document filed with a district court or justice court to begin a civil case. A criminal case can also begin by the filing of a complaint by a law enforcement officer or city or county prosecutor.

**Confidential Statement:** A written statement given by a party to a mediator containing information that may help the mediator settle the case.

**Counsel:**  An attorney or a lawyer.

**Counterclaim:**  After a plaintiff sues a defendant, the defendant will be served with a complaint.  The defendant will answer the complaint but may also counter-sue the plaintiff.  This countersuit is called a counterclaim.

**Criminal Case:**  A case brought by the government against a person accused of violating Montana's criminal laws.  An appeal of a criminal case is called a criminal appeal.

**Cross-Appeal:**  An appeal by the Appellee.  After an Appellant files an appeal, if the Appellee believes the district court also made an error that hurts the Appellee, the Appellee will answer the Appellant's Brief but will also file a cross-appeal.

**Defendant:**  In a civil case, the person against whom damages or another solution is sought.  In a criminal case, the person who is charged with a crime.

**Designation of party:**  What role the parties have in a case.  The party designations are usually the Plaintiff (the person suing or the State prosecuting), the Defendant (the person being sued or being prosecuted), the Appellant (the person appealing), and the Appellee (the person or party who won in the district court).

**Discretionary Duty:**  A duty performed by a public officer that allows the exercise of judgment.  In other words, the public officer may choose to perform that task or may choose to not perform it.  Compare with **Ministerial Duty**.

**District Court:**  In most cases, the district court is the trial court.  However, trials may be held in justice or city courts and before administrative agencies and then appealed to district court.  This Handbook is only for civil appeals **from** district court **to** the Montana Supreme Court.

**Department of Corrections (DOC) Commitment:**  When a defendant is found guilty of a felony offense based upon a verdict of guilty, a plea of guilty or nolo contendere, the district court may commit the defendant to the DOC for placement in an appropriate program or facility to serve a sentence.  The DOC then assesses the defendant and determines whether the sentence will be served in prison, in a special program, on intensive supervision or probation.  See Section 46-18-201(3)(a)(iv)(A), MCA, for exceptions.  A DOC commitment may also be imposed when a revocation of a previous sentence is ordered.  All except five years must be suspended on a DOC commitment.  If the suspended portion of the DOC commitment is revoked, however, the district court does not have to suspend any portion of the commitment.

**Docket:**  A list of documents filed with the Clerk's office which shows the date on which each document was filed.

**Evidence:**  Legally relevant information presented at trial through witnesses, documents, physical objects, etc., for the purpose of convincing the court or jury.

**Extraordinary Remedy or Relief:**  When an ordinary remedy such as a direct appeal will not provide an adequate solution, a person may petition for extraordinary relief under M. R. App. P. 14.  The petitioner must establish that urgency or emergency factors exist and the petitioner is entitled to an order requiring a party or parties to do something, or refrain from doing something.  The petitioner has the burden of proving entitlement to relief, including providing the Montana Supreme Court with arguments and documents supporting the petition.

**Facially Invalid Sentence:**  A sentence that the court lacked authority to impose.  The sentence is enhanced beyond the term allowed by state law or constitutional limitations.  Facial invalidity can be determined by reviewing only the law or constitutional provision (such as the guaranty against double jeopardy) and the sentence imposed.

**Felony:**  A major crime punishable by a prison sentence and/or fine.

**Filing:**  Used at times in this Handbook as a noun meaning a document to be filed.

**Final Judgment:** The final appealable order by the district court in a civil or criminal case.  The order or judgment that resolves all the issues presented to the district court.  Also known as the final order or judgment.

**Findings of Fact/Conclusions of Law:**  Frequently the district court's final order or judgment is called "Findings of Fact, Conclusions of Law and Order."  It is a written order where the district court decides which of the facts are true and relevant and what law applies.

**Habeas Corpus:**  A petition for a writ of habeas corpus may be filed directly with the Supreme Court as an original proceeding asking the Court to issue a writ of habeas corpus that concludes that a person is being unlawfully imprisoned or detained.  Unless your sentence is facially invalid, you will not be entitled to habeas relief if your argument was raised or could have been raised on appeal or in a timely petition for postconviction relief.

**Judgment:**  See "Final Judgment."

**Jurisdiction:**  The authority or power the court has to act or hear a case and make a decision.

**Justices:**  Judges of the Supreme Court.

**Litigants:**  Parties to a case; the persons named in a lawsuit.

**Mediation:**  A way to settle a case without going to trial.  A "mediator" works with the parties to help them compromise and reach an agreement.  In certain cases, the parties to the case must work with a mediator to try to settle the case while, at the same time, proceeding with the appeal.

**Mediator:** A person, often an attorney, who is skilled in resolving conflicts between people.

**Ministerial Duty:** A duty performed by a public officer that is required. No exercise of judgment is allowed.

**Misdemeanor:** In Montana, a minor offense punishable by no more than one year in jail, and a fine of no more than $1,000.

**Mistake of Law:** A mistake about the legal effect of a fact or situation.

**Motion:** The written document a party files asking the Court to do something or permit the parties to do something. (Never send the Court a letter—file your request to the Court as a motion.) Typical motions filed during an appeal include a motion for extension of time, motion to proceed without paying the filing fee, and motion to dismiss.

**Notary Public:** A public official that has the power to witness signatures and have people swear to oaths.

**Notice of Appeal:** The written notice filed with the Clerk of Supreme Court and served on the clerk of the district court, the parties (or their attorneys) to the case, and the court reporter notifying them that the Appellant is appealing the judgment.

**Notice of Filing:** Written notice sent to the parties by the Clerk of the Supreme Court.

**Opinion:** The written decision issued by the Supreme Court at the end of an appeal.

**Order:** A written decision issued by a court that resolves a petition/motion or directs a party or parties to do something.

**Original Jurisdiction:** Not only does the Supreme Court review decisions by the district courts, but there are issues the Supreme Court will sometimes review **before** the district court decides the case. An original petition may be filed by a party to request a form of extraordinary relief not available through an appeal. Montana Rule of Appellate Procedure 14 explains the Court's original jurisdiction.

**Parole revocation:** When a parolee has violated conditions of parole supervision, there are procedures the Board of Pardons and Parole must follow to take back the parole. A parole revocation proceeding allows parolees minimal due process procedures.

**Party/Parties:** The persons, governmental agencies, companies, or other entities named in a lawsuit.

**Petition:** A formal written request made to a court. Also a document filed with a district court or justice court to begin a civil suit.

**Petition for Late, or Out-of-Time, Appeal:** A formal written request by an Appellant asking the Court for permission to file an appeal even though the time for filing a Notice of Appeal has passed.

**Petition for Rehearing:** A written document arguing why the Supreme Court should reconsider its ruling on appeal. The petitioner has the burden of proving that the Supreme Court should rehear the appeal because it overlooked a very important legal principle or fact.

**Petition for Writ:** A petition filed directly with the Supreme Court that is based upon urgent or emergency circumstances that requests an extraordinary remedy. Petitions for a writ are the way to access the court when an appeal is not available or will not provide an adequate solution to the problem. A petition for a writ of habeas corpus is one type of petition that alleges that a person is illegally incarcerated.

**Petitioner:** The party who files a petition. The petitioner has the burden of proof.

**Plaintiff:** The party who files a complaint in a civil case or the prosecution in a criminal case. In justice, city, or district court, the plaintiff has the burden of proof.

**Plea:** A defendant's response to a criminal charge: "guilty," "not guilty," or "nolo contendere" (not contested).

**Plea Bargain:** An agreement between a defendant (usually through counsel) and a prosecutor in which a guilty plea or plea of nolo contendere is exchanged for either a plea to a less serious charge or lesser sentence and/or dismissal of some charges.

**Postconviction Relief:** A statutory procedure for a prisoner to ask a district court to vacate or correct a conviction or sentence.

**Postjudgment Ruling or Order:** Orders resolving issues after entry of judgment, such as an order granting or denying a motion to set aside or vacate a judgment for a new trial, or that maintain the positions of the parties pending the appeal.

**Prejudgment Ruling or Order:** Any order issued by the district court before the final order.

**Proceeding:** Examples of legal proceedings are a trial or a hearing.

*Pro Se*: The Latin term meaning self-represented.

**Protected Person:** A child under the age of 18 or someone with a guardian to make legal decisions for him or her.

**Question of Fact:** A question that depends on an examination of facts. Questions of fact are usually decided by a jury (or by the trial judge in a non-jury trial or proceeding) and are generally NOT considered in an appeal.

**Question of Law:** A question that depends on analyzing, interpreting and applying the law. Such questions are decided by a judge, and are often raised in an appeal.

**Record on Appeal:** The original papers—complaint, petition, motions, affidavits, exhibits and court orders filed with the clerk of the district court. The record includes the transcript if it is used to support an argument made in a brief. The Appellant is responsible for promptly asking the clerk of district court to transmit or send the record on appeal to the Clerk of Supreme Court.

**Relief/Remedy:** A solution to a legal problem. What the party requests the court to order.

**Remand:** When the Supreme Court returns the case to the district court so that the district court can correct or change its ruling.

**Remittitur:** The written document issued by the Clerk of the Supreme Court indicating that an appealed case is closed. The Supreme Court loses jurisdiction over the appeal when remittitur is issued.

**Respondent:** The party against whom a petition is filed.

**Reverse:** When the Supreme Court sets aside or cancels the result of a district court by making a different decision.

**Revoke or Revocation:** When a convicted person has violated the conditions of a deferred or suspended sentence, a petition for revocation has been filed, and the procedures were followed to take back the previous sentence and resentence the person to another legal sentence.

**Ruling:** Any decision a court makes.

**Sanctions:** A penalty or punishment imposed by the court for a party's failure to comply with a rule, law, or order.

**Self-Represented Litigant:** A party to a case who does not have an attorney and is representing himself or herself. Also called a *pro se* litigant.

**Sentence Review:** Within 60 days from the date a sentence is imposed, a person sentenced to a term of one year or more in prison or to the DOC, may petition to have a sentence reviewed by a three-judge panel appointed by the Chief Justice. The sentence is presumed to be correct,

but the judges can increase or reduce the sentence.  You have a right to counsel before the Sentence Review Division.

**Serve:**  To mail or hand-deliver documents in a law suit or an appeal to the other parties, and at times other relevant persons such as the clerk of the district court and the court reporter.  If the other party has an attorney, you must serve the attorney and NOT the party.

**Standard of Review:**  How the Supreme Court reviews the decision of the district court.  The applicable standard may be whether the district court abused its discretion, the district court's decision was clearly erroneous, whether the findings of fact are correct and the court correctly interpreted the law or others.

**Statement of Position:**  A written statement issued by the parties during mediation setting out the disputed issues and each party's legal position on those issues.

**Statute of Limitations:**  The time limit for bringing suit in a civil case.  Also, the time limit for prosecuting a crime, based on the date when the offense occurred.

**Stay of Execution:** An order postponing enforcement of a judgment until after an appeal has been decided.

**Stipulation:**  A voluntary agreement signed by opposing parties.

**Summary Judgment:**  A legal ruling issued by a trial judge in a case where the parties agree about all the relevant facts or the judge concludes that no important facts are in dispute.  The judge's ruling relates only to legal issues.  It usually provides a faster resolution to a case because no trial is held.

**Supervisory Control:**  The control exercised by the Supreme Court over the other courts in Montana. A petition for supervisory control asks the Supreme Court to supervise the work of the lower court, is very difficult to obtain, and is rarely granted.

**Table of Authorities:**  A listing of the legal cases, statutes and other sources used in the brief, and the page on which each authority was cited.

**Time Bar:**  When the time for raising an issue in a criminal proceeding has passed.  For example, a postconviction petition must be filed within one year of when a conviction became final.  If the defendant fails to file a petition for postconviction relief within that time, the defendant is usually "barred" from litigating all postconviction issues.  Another time bar is when the time for filing a notice of appeal has elapsed.  See section 46-21-105, MCA.

**Transcript:**  The typewritten version of everything that was said at the trial or hearings in the case.   The transcript is prepared by a court reporter.   A CD that recorded all the spoken proceedings may be in the record when you appeal from small claims court, a city court or a

justice court. The Appellant is responsible for ensuring the transcript is prepared and sent to the Supreme Court.

**Trial Record:**  All original documents—from the complaint to the judgment—filed during a case by the parties to the case in justice, city, or district court.

**Venue:**  The proper place for a trial to be held or a lawsuit to be filed.

**Verify:** To prove to be true or to swear to the truthfulness of.

**Verified Petition:** A petition filed with the Court that the petitioner swears in an affidavit is truthful.   Records, transcripts, and other evidence may be attached to help prove the truthfulness of the petition statements.

**Weapon Enhancement:**  When the use of a weapon can be used to increase a sentence for an offense that did not require the use of a weapon.

**Writ:**  When a court grants relief in a written order in response to a Petition for a Writ.

**Youth in Need of Care:**  A child, under the age of 18, who a court has determined is or has been abused, neglected or abandoned.


Definitions in this Glossary came from the following sources: Black's Law Dictionary, 7th Edition, Indiana Pro Se Guide to Appellate Procedure, and Dictionary.com.

**Resources for Montana Self-Represented Litigants doing Legal Research and Writing**
There are books and other resources available to help you learn about legal research and legal writing.  Some are available online, but the majority will require making a trip to a Law Library or requesting materials on Inter Library Loan through your local library.

The two law libraries in Montana open to the public are:

State Law Library of Montana

215 North Sanders

Helena MT 59620

406-444-3660

http://courts.mt.gov/library

Monday – Friday, 8-5

Jameson Law Library

University of Montana

Missoula MT 59812

406-243-2699

www.umt.edu/law/library/

Hours vary (call for information)

These basic materials about current Montana law are available to anyone with a computer and an internet connection.  Most local Montana public libraries have internet computers that patrons can use. These core materials are:

- Montana Code Annotated,
  The present code, http://leg.mt.gov/bills/mca_toc/index.htm and all previous versions starting in 1997, http://leg.mt.gov/css/Laws%20and%20Constitution/Past%20Laws.asp

- Court Rules,
  The Rules of Civil Procedure, http://leg.mt.gov/bills/mca_toc/25.htm
  The Rules of Criminal Procedure, http://leg.mt.gov/bills/mca_toc/46.htm The Rules of Evidence, http://leg.mt.gov/bills/mca_toc/26_10.htm
  The Rules of Appellate Procedure, http://leg.mt.gov/bills/mca_toc/25_21_.htm

- Montana Supreme Court Opinions and Briefs,
  The most recent 35 years of opinions and the accompanying briefs are in a searchable data file, http://searchcourts.mt.gov/

**Books on Legal Research**:
The resources listed above are the bare minimum that you will need to look at when writing your brief. The two Law Libraries have complete collections of all the primary legal materials for Montana.  Your appeal may involve many issues.  You may have questions about family law or contracts.  There may be issues about evidence or procedure.  Specialized books and materials can help focus your research quickly. See Secondary Sources Resource Guide, listed under http://courts.mt.gov/library/guides. Other resources available on the State's Law Library site, include:

Whelan, Robert K., Meredith Hoffman and Stephen R. Jordan. A Guide to Montana Legal Research.

Check with a reference librarian to see which materials might best suit your needs. Public access to either Westlaw or Lexis online legal research service is available at both Law Libraries. Access to Westlaw or Lexis is important so that you can check whether the cases and laws that you are relying upon are still good law.

These are some good beginning books about legal research which self-represented litigants will find useful.

Berring, Robert and Elizabeth Edinger. <u>Finding the Law</u>, 12th ed. West, 2005.

Cohen, Morris L. and Kent C. Olson. <u>Legal Research in a Nutshell</u>, 10th ed. West, 2010.

Elias, Stephen. Legal Research: <u>How to Find and Understand the Law</u>, 15th ed. Nolo, 2009.

State Law Library of Montana, 2003 and 2012. <u>http://courts.mt.gov/content/library/guides</u>.

**Books on Legal Writing, Appellate Briefs and Appellate Practice**:
In addition to knowing the law, a self-represented litigant can help herself by learning about legal writing, how briefs are written and what makes an effective argument. The following bibliography is of materials which are suited to many self-represented litigants. Both Law Libraries have additional resources which can be located by using the "catalogs" on their websites.

Aldisert, Ruggero. <u>Winning on Appeal: Better Briefs and Oral Argument</u>, 2d ed. NITA, 2003.

Bahrych, Lynn and Marjorie Dick Rombauer. <u>Legal Writing in a Nutshell</u>, 4th ed. West, 2009.

Ciampi, Maria L. and William Manz. <u>The Question Presented: Model Appellate Briefs</u>. Anderson, 2000.

Fine, Ralph Adam. <u>The How-to-Win Appeal Manual: Winning Appellate Advocacy in a Nutshell</u>. JurisNet, 2008.

Garner, Bryan. <u>The Elements of Legal Style</u>, 2nd ed. OUP, 2002.

Garner, Bryan. <u>Winning Brief: 100 Tips for Persuasive Briefing in Trial & Appellate Courts</u>. OUP, 2003.

Lebowitz, Gerald. <u>Writing Bad Briefs: How to Lose a Case in 100 Pages or More</u>.
<u>http://works.bepress.com/cgi/viewcontent.cgi?article=1181&context=gerald_lebovits</u>

Hornstein, Alan D. <u>Appellate Advocacy in a Nutshell</u>, 2nd ed. West, 1998.

Re, Edward Domenic. Brief Writing & Oral Argument, 8th ed.  Oceana, 2005.

**Information on Legal Citation**
Lawyers have their own method of "citing" materials in their writing. It will help you to do your research and writing if you understand citation shorthand.  There are two style manuals used by lawyers presently –

The Bluebook: A Uniform System of Citation, 20th ed; and

ALWD Citation Manual: A Professional System of Citation, 5th ed.

 Either system can be used when writing for the Montana Supreme Court.  Pick one style manual and then be consistent.  The best way to learn the basics about citation is through the Internet.  These are good sites to help you get started.

Martin, Peter. Introduction to Basic Legal Citation (online ed. 2016)
http://www.law.cornell.edu/citation/index.htm

Martin, Peter. Basic Legal Citation (2016)
https://www.cali.org/sites/default/files/basic_legal_citation_1.pdf

Georgetown Law Library (2016)
http://guides.ll.georgetown.edu/bluebook


 **Resources for Self Represented Litigants:**
The website http://courts.mt.gov/dcourt will give you information about the district courts.  To find the names and addresses of each district court clerk in Montana, just click on the county or one of 22 judicial districts on the map.

This link will direct you to the various self-help centers around Montana:
        http://courts.mt.gov/selfhelp

**INDEX**

**$**

$1,000 · 7, 23
$100 · 3, 4

**1**

1,250 words · 15
10 typewritten pages · 9
10,000 words · 11, 13
11 calendar days · 15
14 calendar days · 14
14 point Times New Roman · 11, 15
15 calendar days · 8, 9

**3**

30 calendar days · 4, 9, 10, 14
30 typewritten pages · 11, 13

**5**

5 typewritten pages · 15
5,000 words · 14

**6**

60 calendar days · 4

**7**

7 calendar days · 9, 16
7 copies · 5
75 calendar days · 9

**9**

9 copies · 13, 14

**A**

Affidavit · 4, 19
affirm · 1, 17
appellant · 17
Appellant · 1, 7, 10, 11, 14

Appellee · 1, 12, 14, 19, 21
argument · 9, 10, 11, 12, 13, 20, 25, 29

**B**

bond · 6, 19
brief · 5, 10, 11, 12, 13, 14, 16, 19, 20, 25, 26, 28

**C**

Certificate of Compliance · 12, 13, 15
certificate of service · 11
citation · 20, 30
cite · 9, 12, 13
citing · 13, 30
civil · 1, 14, 20, 21, 22, 23, 24, 26
Conclusion · 11, 13
Confidential · 9, 20
Confidential Statement · 9
constitutional · 8
court reporter · 1, 3, 6, 7, 23, 26
criminal · 1, 20, 21, 22, 24

**D**

deny · 4, 15
dismiss · 9, 10, 11, 16, 17, 23
docket · 7, 12

**E**

evidence · 1, 5, 7, 12, 13, 27, 28

**F**

filing fee · 3, 4, 17, 23
final judgment · 3, 7
final order · 3, 17, 22, 24

**H**

holiday · 5

**J**

judgment · 3, 5, 6, 7, 8, 10, 12, 13, 17, 19, 21, 22, 23, 24, 26, 27

31

## L

late appeal · 5
Library · 11, 28, 29

## M

mediation · 3, 8, 9, 10, 26
mediator · 8, 9, 20, 22
motion · 1, 3, 4, 6, 7, 9, 10, 12, 14, 15, 16, 18, 23, 24
Motion for Extension of Time · 5, 7, 10, 14, 15, 16

## N

non-published · 13
Notice of Appeal · 3, 4, 5, 6, 7, 8, 9, 23, 24

## O

opinion · 1, 9
original · 1, 3, 5, 7, 13, 15, 25, 27

## P

petition · 1, 5, 18, 22, 24, 25, 27
pre-judgment · 3
prejudice · 17
proposed order · 4, 15, 16
published · 13

## R

record · 1, 6, 7, 8, 10, 12, 13, 17, 25, 26
record on appeal · 7
remand · 13, 17
reply · 14, 15
reverse · 1, 13, 17, 19
ruling · 1, 3, 4, 17, 24, 25

## S

sanction · 17
sanctions · 17, 18
serve · 6, 9, 14, 15, 16, 26
standard of review · 13
statement of position · 9
Statement of the Case · 11, 12
Statement of the Facts · 11
Statement of the Issues · 11, 12
stay · 3, 6, 8
Summary of Argument · 11, 12

## T

Table of Authorities · 11, 12, 26
transcript · 3, 7, 12, 25, 26

## W

weekend · 5

# IMPORTANT TIMELINES

## APPEALS

| | | |
|---|---|---|
| Notice of Appeal in case without a government party or in a youth case* | 30 days from date ruling being appealed was filed | Rule 4 |
| Notice of Appeal in case with a government party* | 60 days from date ruling being appealed was filed | Rule 4 |
| Appellant's Opening Brief due | 30 days from the date the record is filed | Rule 13 |
| Appellee's Response to Appellant's Opening Brief due | 30 days from Opening Brief's Certificate of Service date | Rules 11, 12, 13 |
| Appellant's Reply to Appellee's Response Brief due | 14 days from Response Brief's Certificate of Service date | Rules 11 and 13 |
| Notice to Attorney General of intent to challenge constitutionality of statute | 11 days from date Notice of Appeal is filed | Rule 27 |
| Petition for Rehearing due | 15 days after Court issues its Opinion | Rule 20 |
| Response to Petition for Rehearing due | 15 days from Petition for Rehearing Certificate of Service date | Rule 20 |

## MOTIONS

| | | |
|---|---|---|
| Motion for Relief from Order of Stay | 11 days from date district court ordered judgment stayed | Rules 22 and 23 |
| Motion for Extension of Time | 7 days before the task's due date | Rule 26 |
| Response to a motion | 11 days from original motion's Certificate of Service date | Rule 16 |

## MEDIATION

| | | |
|---|---|---|
| Choose mediator and notify Clerk of Court | 15 days from day Notice of Appeal is filed | Rule 7(4) |
| Submit Statement of Position to mediator | 15 days after mediator selected | Rule 7(5) |
| Response to a statement of position filed during mediation | 7 days from when Statement of Position submitted | Rule 7(5) |
| Mediation must be complete | 75 days after Notice of Appeal is filed | Rule 7(5) |

*Transcripts must be ordered the same day you file your Notice of Appeal        Rule 8

**FORMS**

Form 4(2) - Notice of Appeal

Form 4(6) - Petition for an Out-of-Time Appeal

Form 5(a) - Motion to Proceed on Appeal Without Paying the Filing Fee

Form 5(a) Inmate – Motion to Proceed on Appeal Without Paying the Filing Fee

Form 8(3) - Request for Production of Transcripts

Form 10(4) - Certificate of Service

Form 11 – Brief Checklist

Form 11(4) - Certificate of Compliance

Form 11(6)(b) – Cover Page

Form 12(1)(a) - Table of Authorities

Form 16(2) - Response and Objection to Motion

Form 16(4) - Motion to Dismiss Appeal

Form 26 - Motion for Extension of Time

_____        Form 4(2)
Name

_____

_____
City         State          Zip

_____
*[e-mail address]*

_____
*[Designation of Party]*

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*

_____,

Appellant,

v.                                    **NOTICE OF APPEAL**

_____,

Appellee.

Notice is given that _____, the Appellant
*[Name]*

named above and who is the _____in
*[Designation of party]*

the cause of action filed in the _____Judicial District, in
*[Judicial district]*

_____County as Cause No._____
*[District Court Cause No.]*

appeals to the Supreme Court of the State of Montana from the final written

judgment or order entered in the District Court on the _____ day of

_____, 20_____.
*[Date final judgment was entered]*

     **I CERTIFY:**  [Check one]

     □ This appeal is subject to the mediation process required by M. R. App. P. 7, or

     □ This appeal is not subject to the mediation process required in M. R. App. P. 7.

     **I CERTIFY:**  [Check one]

     □ This appeal is NOT an appeal from an order certified as final under M. R. Civ. P. 54(b), or

     □ This appeal is an appeal from an order CERTIFIED as final under the M. R. Civ. P. 54(b).  A true copy of the District Court's "CERTIFICATION ORDER" is attached as exhibit "A."

     **I FURTHER CERTIFY:**  [Check one]

     □ All relevant transcripts of the proceedings in this cause have been ordered from the court reporter, or

     □ I have complied with the provisions of M. R. App. P. 8(3).

     **INCLUDED WITH THIS NOTICE IS:**  [Check one]

     □ A copy of the order or judgment from which I am appealing, or



☐ I will file a copy of the order or judgment from which I am appealing as soon as possible. I have requested a copy of the order or judgment from the Clerk of District Court.

[Check one of the following]

☐ the filing fee of $100.00.

☐ a Motion to Proceed Without Payment of Filing Fee.

Respectfully submitted this ____ day of _____, 20_____.

_____
*[Signature]*

_____
*[Printed name]*
Appellant

## CERTIFICATE OF SERVICE

I certify that I have filed this **Notice of Appeal** with the Clerk of the Montana Supreme Court; and that I have mailed or hand delivered copies to the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript has been ordered, and any party not represented by counsel as follows:

_____
*[Clerk of the District Court]*

_____

_____
*[Address]*

_____
*[Court Reporter]*

_____

_____

_____
*[Address]*

_____
*[Name of opposing counsel]*

_____

_____
*[Address]*

Counsel for _____

_____
*[Party representing himself or herself]*

_____

_____
*[Address]*

DATED this _____ day of _____, 20_____.


_____
*[Signature]*


_____
*[Print name]*

_____
Name

_____

_____
City       State       Zip

_____
*[e-mail address]*

_____
*[Designation of party]*

## IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*

_____,

        Appellant,

v.

_____,

        Appellee.

**PETITION FOR
AN OUT-OF-TIME
APPEAL**

*[To ask the Court to allow you to file an out-of-time appeal, give the reasons why the appeal was not timely filed. State in the petition or supporting affidavit the issues you wish to raise on appeal and explain in detail the reasons that you did not file a timely appeal. Give only true and accurate explanations that support your petition. Include a copy of the final order or judgment from which you wish to appeal. M. R. App.P. 4(6)]*

I petition the Court to allow me to file an out-of-time appeal for the following reason: [Check one]

☐ I improperly filed a timely Notice of Appeal only with the District Court, as more fully explained below.



© Montana Supreme Court

☐ I discussed filing a timely appeal with my attorney, but he or she failed to file it for me, as more fully explained below.

☐ I failed to file the Notice of Appeal for the following reason:

_____

_____

_____

_____

_____

_____

_____

_____

_____.

☐ Attached as Exhibit "A," a copy of the judgment or order from which I wish to appeal.

As legal authority for filing an out-of-time appeal, I cite the following which supports this petition:

_____

_____

_____

_____

_____

_____.

DATED this _____ day of _____, 20_____.



_____
*[Signature]*

_____
*[Print name]*

## VERIFICATION UPON OATH OR AFFIRMATION

STATE OF MONTANA      )

                          :  ss.

County of _____  )

      I swear that everything stated in this petition is true and correct to the best of my knowledge.

      DATED this _____ day of _____, 20_____.

_____
*[Signature]*

_____
*[Print name]*

      Signed and sworn to or affirmed before me on this date by

_____.

*[Seal]*

_____
*[Signature of Notary Public]*

_____
*[Typed or printed name]*

_____
*[Title]*

_____
*[Residing at]*
*My Commission expires:*_____.



# CERTIFICATE OF SERVICE

I certify that I have filed a copy of this **Petition for an Out-of-Time Appeal** with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any party not represented by counsel as follows:

_____

*[Name of opposing counsel]*

_____

*[Address]*

Counsel for _____

_____

*[Other party representing himself or herself]*

_____

_____

*[Address]*

DATED this _____ day of _____, 20_____.

_____

*[Name]*

_____

*[Print name]*

_____
Name

_____

_____
City            State            Zip

_____
*[e-mail address]*

_____
*[Designation of party]*

### IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*

_____,

Appellant,

v.

_____,

Appellee.

**MOTION TO PROCEED ON APPEAL WITHOUT PAYING THE FILING FEE**

I move the Court to allow this appeal to go forward without paying the filing fee and submit this Affidavit in support of my motion:

I, _____, am the _____
      *[Name]*                                    *[Appellant or Appellee]*
in the above-entitled matter. In support of my application to proceed without paying the filing fee, I state that because of my financial condition, I am unable to pay the filing fee. I believe the District Court made mistakes and that this Court

will decide these issues in my favor on appeal: *[List the mistakes you believe the District Court made.]*

1. _____

_____

2. _____

_____

3. _____

_____

I swear my answers to the following questions are true:

1. Do you have a job?

☐Yes        ☐No

If you do, state the amount of your last paycheck, and give the name and address of your employer:

_____

_____

If you do not have a job, when did you last work, and how much did you make the last month you worked?

_____

2.      Did anyone give you money for work you have done, for sale of art or crafts you have made, day labor, or any other source during the past year?

☐Yes        ☐No

If you answered "yes," please describe the source of the income or assistance and the amount of income per month.

_____

_____



3. Has anyone given you a loan or other money as temporary assistance?

☐ Yes     ☐ No

If you answered "yes," please give the amount and when the money is to be repaid:

_____

4. Are you receiving any checks, money or benefits from any of the following sources?

Social Security Disability Insurance (SSDI)     ☐

Social Security Income (SSI)     ☐

Temporary Assistance for Needy Families (TANF)     ☐

Workers Compensation benefits     ☐

Other disability benefits     ☐

Public assistance of any type     ☐

Give the sources and amounts of the benefits or assistance:

_____

_____

5. Do you have any checking or savings accounts?

☐ Yes     ☐ No

If your answer was yes, state the present balance in each account:

_____

_____

6. Do you own any vehicles, land, buildings, stocks, bonds, notes, or other valuable property (do not include ordinary home furnishings and clothing)?

☐ Yes     ☐ No

If you said, "yes," describe each item and give its approximate value:

_____

_____

7. Are you married?

  ☐Yes      ☐No

  Name of spouse: _____

8. Does your spouse have a job or have any resources to assist you by paying the

  filing fee? _____

  _____

9. Do you have an obligation to support anyone else?

  ☐Yes      ☐No

  If you said, "yes," give each person's name, how you are related, and how
  much you pay toward each person's support per month:

  _____

  _____

STATE OF MONTANA          )

                          :  ss.
County of _____  )

    I swear that everything stated in this motion and affidavit is true and
correct to the best of my knowledge.

    DATED this _____ day of _____, 20_____.

                              _____
                              *[Signature]*

*[Seal]*                      _____
                              *[Signature of Notary Public]*



_____
*[Typed or printed name]*

_____
*[Title]*

_____
*[Residing at]*

_____

*My commission expires*:_____.

_____
Name

_____

_____
City          State          Zip

_____
*[Designation of Party]*

### IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*

_____,

        Appellant,

v.

_____,          **MOTION TO PROCEED ON APPEAL WITHOUT PAYING THE FILING FEE**

        Appellee.

I move the Court to allow me to proceed on appeal without paying the filing fee in this cause. I am incarcerated and because of my financial condition, I am unable to pay the filing fee. I believe I am entitled to legal redress. The issues I will present on appeal are the following:



_____

_____

_____

_____.

DATED this _____ day of _____, 20 _____.

_____
*[Signature]*

_____
*[Print name*

_____
Name

_____

_____
City          State         Zip

_____
*[e-mail address]*

_____
*[Designation of Party]*

Montana_____Judicial District Court, _____ County

Cause No. _____

_____,
     *[Designation of Party]/Appellant,*

v.

**REQUEST FOR
PRODUCTION OF TRANSCRIPTS**

_____,
     *[Designation of Party]/Appellee.*


Pursuant to Rule 8(3), Montana Rules of Appellate Procedure, I request that you prepare and deliver the transcripts for the following hearing/trial dates for purposes of appeal:

<u>Date of hearing</u>               <u>Name of court reporter</u>

_____        _____

☐ I certify that I have made arrangements with each court reporter to pay for the transcripts.

Upon completion of the requested transcripts, the court reporter shall serve one original (reduced format) plus one DVD-R containing PDF to the Clerk of the Supreme Court, one copy to each opposing counsel, and one copy to me.

Respectfully submitted this _____ day of _____, 20_____.

_____
*[Signature]*

_____
*[Print name]*

## CERTIFICATE OF SERVICE

I certify that I have filed a copy of the **Request for Transcripts** with the Clerk of the Montana Supreme Court; and that I have mailed or hand delivered a copy to the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript has been ordered, and any party not represented by counsel as follows:

_____
*[Clerk of the District Court]*

_____

_____
*[Address]*



_____
*[Name of court reporter]*


_____


_____
*[Address]*




_____
*[Name of opposing counsel]*


_____


_____
*[Address]*

Counsel for _____




_____
*[Other  party representing himself or herself]*


_____


_____
*[Address]*


DATED this _____ day of _____, 20_____.


_____
*[Signature]*


_____
*[Print name]*

## CERTIFICATE OF SERVICE

I certify that I filed this

☐ Petition

☐ Motion

☐ Other _____

*[Name of document]*

with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any other party not represented by counsel as follows:

_____

*[Name of opposing counsel]*

_____

*[Address]*

Counsel for _____

_____

*[Other party representing himself or herself]*

_____

*[Address]*

DATED this _____ day of _____, 20_____.

_____

*[Signature]*

_____

*[Print name]*



© Montana Supreme Court

# BRIEF CHECKLIST

| | |
|---|---|
| **Cover sheet** [Rule 11(6)(b)]<br>• Name of this Court (Supreme Court of Montana)<br>• Case number on appeal (Clerk of Supreme Court will issue)<br>• Title of the case from the trial court (the parties' name with designation)<br>• Trial Court and trial court judge's name<br>• Title of the document (For example: Appellant's Brief)<br>• Names, addresses, telephone and FAX numbers, and email addresses (if any) of all parties or their attorneys. If listing an attorney, identify the party the attorney represents | |
| **Cover sheet color** [11(6)(a)]<br>• Appellant's Brief is light blue<br>• Appellee's brief is salmon<br>• Appellant's reply brief is gray<br>• Do NOT use transparent covers | |
| **First page** [Rule 11(6)(a)]<br>The same as the cover sheet except on white paper | |
| **Paper size and color** [Rule 11(3)(a)]<br> 8.5 x 11 inches white paper | |
| **Computer type size** [Rule 11(2)]<br>14-point Times New Roman or similar typeface | |
| **Margins** [Rule 11(3)(a)]<br>1 inch on top, bottom and both sides | |
| **Line spacing** [Rule 11(3)(b)]<br>Double space all text except footnotes and quoted indented material | |
| **Page numbering** [11(3)(b)]<br>Number each page | |
| **Page or word limit** [Rule 11(4)]<br>• Appellant's brief - 30 pages or 10,000 words<br>• Appellee's brief - 30 pages or 10,000 words<br>• Appellant's reply brief - 14 pages or 5,000 words<br>• Word and page limits do not include table of contents, table of authorities, certificates or service and compliance, or any appendix containing statues, rules, regulations and other pertinent materials. | |
| **Sign your brief** [Rule 13(2)] | |
| **Attach Certificate of Service to brief** [Rule 10(4)] | |
| **Attach Certificate of Compliance** [Rule 11(4)(e)] | |
| **Judgment** [Rule 12(1)(h)]<br>The judgment or order being appealed must be attached to Appellant's brief | |
| **Binding** [Rule 11(3)(b)]<br>Bind or staple brief on left | |
| **File** an original and 9 copies of the brief with the Clerk of the Supreme Court the same day you sign the Certificate of Service [Rule 13(2)] | |
| **Serve all parties or their attorneys** [Rules 10(2) and (3)] | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is proportionally spaced typeface of 14 points and does not exceed 10,000 words.

_____
*[Signature]*

© Montana Supreme Court

## IN THE SUPREME COURT OF THE STATE OF MONTANA

Case No. _____
*[to be assigned by Clerk of Supreme Court]*

_____,

_____/Appellant,

*[Designation of Party in District Court]*

v.

_____,

_____/Appellee.

*[Designation of Party in District Court]*

**APPELLANT'S BRIEF**
*[or name of document being filed]*

On appeal from the Montana_____Judicial District Court,

County of _____,

Cause No. _____, *[District Court Cause No.]*

Honorable _____ Presiding *[District Court Judge's name]*

Appearances:

| | |
|---|---|
| _____ | _____ |
| Name | Name |
| _____ | _____ |
| Address | Address |
| _____ | _____ |
| Telephone number | Telephone number |
| _____ | _____ |
| FAX number | FAX number |
| _____ | _____ |
| e-mail address | e-mail address |
| Attorney for Appellants | Attorney for Appellees |

# TABLE OF AUTHORITIES

**Cases**

*American Cancer Society v. State*, 2004 MT 376, 325 Mont. 70, 103 P.3d 1085 ...................................................................................... 28

*Brady v. PPL Montana, LLC*, 2008 MT 177, 343 Mont. 405, 185 P.3d 330 ........................................................................................... 19

*Columbia Falls Elem. Sch. Dist. No. 6 v. State*, 2005 MT 69, 326 Mont. 304, 109 .3d 257 ...................................................... 6

*Dorwart v. Caraway*, 2002 MT 240, 312 Mont. 1, 58 P.3d 128 ................... 8, 20

*Harris v. McRae*, 448 U.S. 297 (1980) ................................................... 8

*In re Lacy*, 239 Mont. 321, 780 P.2d 186 (1989) ................................. 6

*Krishcher v. McIver*, 697 So.2d 97 (Fla. 1997) .................................. 20

*Olmstead v. United States*, 277 U.S. 438 (1928) .................................. 4

*State v. Bilant*, 2001 MT 249, 307 Mont. 113, 36 P.3d 883 ........................... 14

*Walker v. State*, 2003 MT 134 Mont. 103, 68 P.3d 872 ................................. 26

*Washington v. Glucksberg*, 521 U.S. 702 (1997) ................................ 21, 22, 24

**Statutes**

Mont. Code Ann. § 25-10-711 ........................................................... 27

Mont. Code Ann. § 50-16-525 ........................................................... 13

Wash. Rev. Code § 70.245 ................................................................. 23

**Regulations and Rules**

M.R. Civ. P. 59(g) ............................................................................ 27

**Other Authorities**

Clifford, Matthew O. & Huff, Thomas P., *Some Thoughts on the Meaning and Scope of the Montana Constitution's "Dignity" Clause with Possible Applications*, 61 Mont. L. Rev. 301, 305 (2000) ..................... 25

_____
Name

_____

_____
City                State               Zip

_____
*[e-mail address]*

_____
*[Designation of Party]*

### IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*

_____ ,

Appellant,

v.

_____ ,

Appellee.

**RESPONSE AND OBJECTION TO MOTION**

*[Use this form to respond and oppose a motion the opposing party has filed. M. R. App P. 16(2)].*

I object to the Court granting this motion for the following reasons:

_____

_____



_____

_____.

DATED this _____ day of _____, 20_____.

_____
*[Signature]*

_____
*[Print name]*

## CERTIFICATE OF SERVICE

I certify that I have filed this **Response and Objection to Motion** with the Clerk of the Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any other party not represented by counsel as follows:

_____
*[Name of opposing counsel]*

_____

_____
*[Address]*
Counsel for _____

_____
*[Other party representing himself or herself]*

_____

_____
*[Address]*



© Montana Supreme Court

DATED this _____ day of _____, 20_____.

_____
*[Name]*

_____
*[Print name]*

_____
Name

_____
City          State          Zip

_____
*[e-mail address]*

_____
*[Designation of party]*


IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*


_____,

          Appellant,

     v.

_____,

          Appellee.

**MOTION TO
DISMISS APPEAL**

*[Use this form to ask the Court to dismiss the appeal whether you are the appellant and are voluntarily asking for dismissal of the appeal, or if you are the appellee and seek dismissal.]*

I move the Court to dismiss this appeal for the following reason:

☐ The appellant failed to comply with M. R. App. P. 7 and refused to participate in the mediation process. *[M. R. App. P. 7(9)]*

☐ The appellant failed to file a timely brief within the time provided in M. R. App. P. 13 or within the time allowed by any extensions. *[M. R .App. P. 13(3)]*

☐ As the appellant, I no longer wish to pursue this appeal. *[M. R. App. P. 16(4)]*

☐ Other reason:

_____

_____

_____

_____.

Briefly explain the reason you wish to dismiss this appeal:

_____

_____

_____

_____

_____.

I have contacted opposing counsel or _____who
*[Name of party representing himself or herself]*

is not represented by counsel, and

☐ there is no objection to the motion.

☐ there is an objection to the motion.
*[M. R. App. P. 16, 26]*

DATED this _____ day of _____, 20_____.

_____
*[Signature]*

_____
*[Print name]*



# CERTIFICATE OF SERVICE

I hereby certify that I have filed this **Motion to Dismiss Appeal** with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any party not represented by counsel as follows:

_____
*[Name of opposing counsel]*

_____

_____
*[Address]*

Counsel for _____

_____
*[Other party representing himself or herself]*

_____

_____
*[Address]*

DATED this _____ day of _____, 20_____.

_____
*[Name]*

_____
*[Print name]*

_____
Name

_____

_____
City         State         Zip

_____
*[e-mail address]*

_____
*[Designation of party]*


# IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _____
*[to be assigned by Clerk of Supreme Court]*


_____,

        Appellant,

   v.

_____,

        Appellee.

                                  **MOTION FOR
EXTENSION OF TIME**


*[Use this form to ask the Court for more time to file a brief or other document.]*

I move the Court for 30 days of additional time to:

☐ File an opening brief on appeal. *[M. R. App. P. 26]*

☐ File a response brief.  *[M. R . App. P. 26]*

☐ File a _____ .

The current due date is _____ , 20_____ .

If this is a second or subsequent request for an extension of time, you must explain the reason the extension is needed.  You must also state a good reason why you need the extension of time.  *[Rule 26(2)]*

Briefly    explain    the    reason    you    need    additional    time:

_____

_____

_____

_____

_____

_____ .

I have contacted opposing counsel or _____ who
                                                        *[Name of party representing himself or herself]*
is not represented by counsel, and

☐ there is no objection to the motion.

☐ there is an objection to the motion.
    *[M. R. App. P. 16, 26]*

☐ I am incarcerated and not required to contact opposing counsel.

DATED this _____ day of _____ , 20_____ .

_____
*[Signature]*

_____
*[Print name]*



© Montana Supreme Court

# CERTIFICATE OF SERVICE

I certify that I have filed this **Motion for Extension of Time** with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any party not represented by counsel as follows:

_____
*[Name of opposing counsel]*

_____

_____
*[Address]*

Counsel for _____

_____
*[Other party representing himself or herself]*

_____

_____
*[Address]*

_____
*[Name]*

_____
*[Print name]*